## Bank of United States *vs.* Joseph Tucker *et al.*

In declaring on a jail bond, it is sufficient to allege that the prisoner was confined in jail on *mesne* or final process, stating the process without alleging the previous proceedings.

More is surplusage, and does not vitiate, unless it shows an illegal imprisonment.

If there exist any such defect in the previous proceeding as renders the imprisonment illegal, it should be pleaded by the defendant.

The court will not *presume* an officer of general jurisdiction proceeded irregularly.

This was an action of debt on a jail bond, alleging in substance, in common form, that the plaintiff recovered a judgment against Joseph Tucker and another, of the city of Vergennes, by the consideration of Addison county court, and took out execution in common form, directed to the sheriff of Addison county, his deputy, or either constable of said Vergennes, and delivered the same to the sheriff of Addison county, who for want of property, &c. committed said debtors to the keeper of the jail in said city of Vergennes; whereupon the defendants executed the bond now in question, whereupon the debtors were admitted to the liberties of said prison, from which they had escaped, and the bond was assigned to the plaintiffs.

To this there was a general demurrer and joinder.   Judgment having been rendered in the county court, that the declaration was sufficient, exception was filed and the cause passed to this court for revision.

ADDISON.
January,
1835.

U. S. Bank
vs.
Tucker et al.

*P. C. Tucker for the defendants.*—By the fourth section of the act of October 30, 1794, which is an act in addition to an act incorporating said city, (Stat. p. 21,) it is provided that there shall be kept and maintained, in good and sufficient repair, a jail in said city, for the commitment of all city prisoners, and also all other prisoners who may be sent to said jail from any of those counties in which there shall not be a good and sufficient jail. By the act of November 8, 1803, (Comp. Laws, 226,) it is provided, that whenever any writ, process, warrant or execution, issued under the authority of this state, shall be directed to any officer or indifferent person in the county of Addison, by which it shall become his duty to commit the person or persons therein named to the county jail in said county, and such officer or indifferent person shall find that the person or persons named in such process shall be confined in the jail in the city of Vergennes, or legally bailed within the liberties thereof, it shall be the duty of such officer or indifferent person to commit such person or persons, (so committed on bail,) to the jail in the city of Vergennes.

From these authorities, it clearly appears—

1. That the city jail is for city prisoners only, except in the contingency named, and which did not occur in the present case.

2. That the person or persons against whom any precept is issued from any court or courts, other than those of said city, cannot be legally directed to any officer to commit to said city jail in the first instance, save only in those cases where there is no county jail, which is good and sufficient.

3. That it must appear satisfactorily to the officer executing any such precept, that the person to be by him committed to said city jail is already a prisoner therein, or bailed to the liberties thereof by virtue of a city process. The right to commit to said jail at all depends upon this fact as a condition precedent.

The defendants contend, that, according to the plaintiff's declaration, the commitment upon which the bond was given was void, and consequently that they were never legally in the custody of the jailer of Vergennes, and that the bond taken to said jailer and assigned to these plaintiffs is also void.

The declaration sets forth, that the execution upon which said Joseph Tucker and Philip C. Tucker were committed, was issued by Addison county court, upon a judgment rendered on the second Tuesday of December, 1832; was taken out on the second day of January, 1833, for $259 87 damages, and $18 23 costs, and 25 cents for said writ of execution, signed by Samuel Swift of

said county and returnable in sixty days; that it was delivered to Marshal S. Doty, sheriff of said county, on the 3d day of January, 1831—was directed to the sheriff of the county of Addison, his deputy, or either constable of Vergennes, in said county, to serve and return. And it further sets forth, that on the said third day of January, 1833, the said sheriff, by virtue of said execution, arrested and took the bodies of the said Joseph and Philip C., and them did commit to the keeper of the jail in the city of Vergenns, within the said prison. There is no command in said writ of execution to commit to said jail, and if there had been, no law exists to warrant it. The right to commit them existed only in the contingency of the sheriff's finding the defendants in said execution prisoners within said jail or its limits, and the declaration does not state that such was the case. So far as the declaration shows, the commitment was totally void, and by consequence, the bond also.

The declaration, says Chitty, must allege all the circumstances necessary for the support of the action. The degree of certainty required is, that to a certain intent in general, *which should pervade the whole declaration,* and is particularly required in setting forth the parties, time, place and *other circumstances necessary to maintain the action.*—1 Chit. Plead. 254. If a legal commitment to the jail of Vergennes was a necessary condition precedent to the validity of the bond itself, as is alleged, then that commitment should appear upon the face of the declaration to have been a legal one. Conditions precedent must be stated in the declaration to have been performed, or a lawful excuse given for their non-performance.—1 Tidd's Practice, 445. 4 T. R. 961—6 do. 570.

*Bell and Waller for plaintiffs.*—The counsel for the plaintiffs contend, that the declaration in this case is sufficient, on the following grounds.

The acts constituting the city court and jail, and providing for commitments in certain cases, to that jail, on process issuing from the county court, are public acts and need not be pleaded.

The act, (Stat. p. 226,) as far as it relates to the question, is a mere direction to the sheriff in regard to his duty, in a certain state of facts; and, inasmuch as there might arise a case in which, on such an execution as the plaintiff's the defendants might *lawfully* have been committed at Vergennes, it is to be *presumed* by the court, in the absence of proof to the contrary, that the commitment was made at Vergennes, in consequence of the state of facts *provided for by the statute.*

Where, *prima facie*, the proceeding is not illegal, the defendants must avail themselves of any matter of defence, by pleading it, and not by demurrer.—1 Chit. Pl. 254–5.

ADDISON.
January,
1835.

U. S. Bank
vs.
Tucker *et al.*

The bond is the foundation of the action. It is set forth with legal precision and certainty; and it is in the form *prescribed by the statute*. Being legal, on the face of it, if it can be avoided by the defendants, it must be by matter which the plaintiffs were not bound to anticipate in the declaration.—Chit. Pl. 254–5.

The opinion of the court was delivered by

COLLAMER, J.—The only cause of demurrer to this declaration, now insisted on, is, that in alleging the commitment of the debtors to the jail in the city of Vergennes, by the sheriff of Addison county, it is not alleged that said debtors were already prisoners within said jail; as by the statute, the sheriff was authorized to commit to said *city jail* only in such case.

This is an action *on the bond*, and all that precedes the setting up of the bond is matter of *inducement*. So much of that as shows a state of circumstances in which the sheriff of Vergennes might take an official bond is immaterial, and all the remainder, surplusage. How much then is necessary? By the statute rela-. ting to jails and jailers, section 10, (Comp. Laws, 219,) it is provided, "that any person imprisoned in jail on *mesne* process in any civil action, or upon execution, &c. shall be admitted to the liberties, &c. such prisoner first giving bond," &c. So much in the declaration as showed the person *in jail on execution issued from a competent court*, was necessary. The declaration shows the issuing of such an execution, and shows the debtors were committed to the city jail of Vergennes. This shows all the necessary prerequisites. It is not necessary to allege, that the sheriff was sworn, the debtor in his bailiwick, the demanding payment at his house, the want of property, nor, by parity, a previous commitment in Vergennes. They are not predicates mentioned in the statute to the giving of the bond. Should there exist any such previous defect as would render the imprisonment absolutely illegal and *void*, it must be pleaded and shown by the defendant. What would have such effect as *to make the bond void*, it is not now necessary to decide. It is however true, that if the plaintiff alleges more than is necessary, though that does not require him to make still further unnecessary allegations, yet if what he alleges makes an unlawful case, the court cannot reject a part as surplusage, and so save the case, but must give judgment against him. Is such this

.18

case? The plaintiff alleges a commitment in the city of Ver-gennes, on an execution issuing from Addison county court by the sheriff of the county. If this is necessarily *unlawful*, the plaintiff must fail. In one contingency this might be lawful, and as the sheriff acted, the court must by legal intendment suppose that contingency existed, and the sheriff conducted lawfully, until the contrary is shown.

Judgment affirmed.