## Silas Gregory v. Reuben R. Thrall.

*Declaration on jail bond.* ·

A declaration upon a jail bond, given upon an arrest on mesne process, is defective and insufficient on demurrer, if it contains no averment that the person arrested was imprisoned in jail at the time of giving the bond.

Debt on a jail bond. The defendant demurred to the plaintiffs' declaration. The county court, March Term, 1855,—Pierpoint, J., presiding,—overruled the demurrer, and held the declaration sufficient, to which the defendant excepted.

21

The alleged defect in the demurrer sufficiently appears in the opinion of the court.

*R. R. Thrall* for the defendant.

*J. B. Bromley* for the plaintiff.

The opinion of the court was delivered by

ISHAM J.   Several objections have been taken to this declaration on this demurrer, but our attention has been directed but to one of them, as we are satisfied that, in that particular, the declaration is defective.   The action is brought upon a jail bond, given on mesne process, for the admission of one Sylvanus Bidwell to the liberties of the jail yard.   The statute, 575, § 21, provides, " that ev- " ery person imprisoned in jail on mesne process, or on execu- " tion, &c., may be admitted to the liberties of the jail yard, first " giving a bond to the keeper of the jail in the form prescribed by "law."   An *actual imprisonment in jail* is necessary, under the statute, before a bond of this kind can be taken or required ; and such was the construction of the act in the case of the *U. S. Bank* v. *Tucker*, 7 Vt. 134.   When a person is under an arrest merely, bail to the officer is obtained by the indorsement of their names on the back of the process ; and if not so furnished, the officer is directed to commit the person arrested to jail, when a jail bond may be given ; Comp. Stat. 248 § 45.   This being an official bond, those facts must be stated in the declaration, which authorized the officer to require and take the bond, otherwise the declaration is defective.   There is no averment in this declaration, that Mr. Bidwell *was imprisoned in jail*, and that the bond was given in order to obtain the liberties of the yard ; nor is there any fact stated, from which such an inference can be drawn.   The averment in substance is, that, by virtue of a writ of attachment in favor of the plaintiff, the sheriff arrested the body of Sylvanus Bidwell, and being so arrested, the said Bidwell and the defendant executed the bond on which this suit is brought.   It is consistent with this averment that, at the time of the arrest, this bond was required and taken by the officer instead of taking bail by indorsement on the back of the writ.   The fact that it was so given must be treated as stated and

admitted by the demurrer. Under those circumstances, it is sufficient to observe that this bond is not such a security as the statute requires, or which the officer is authorized to take.

The judgment of the county court is reversed, and judgment is rendered for the defendant.