JOHN CAMERON *v.* SCHOOL DISTRICT No. 2 IN NORTH HERO.

*School District.   Prudential Committee.   Ratification.*

The prudential committee having provided an additional school in his district, hired a teacher and contracted with the plaintiff in behalf of the district to board the teacher, all without any authority by vote of the district, but believing it his duty to furnish said school and that the district would pay the expense of it, there being twenty-five scholars so situated as to be otherwise deprived of an opportunity to attend a public school; it was *held* that a vote of the district to raise a tax to pay the teacher, was a ratification of the whole act of the committee in providing for and sustaining the school at the expense and upon the credit of the district; hence the plaintiff was entitled to recover the contract price for boarding the teacher.

The legal effect of the vote can not be explained away by parol, or by showing that it was not intended by the vote to ratify any act of the committee.

It is not decided that the plaintiff could not recover without the said vote having been passed.

ASSUMPSIT. The plaintiff's claim was for boarding a school-teacher, Miss Ann Shaw, fifteen weeks at $2 per week, during the summer term of 1866. Plea, the general issue. Trial by the court, August term, 1868, Grand Isle county, STEELE, J., presiding.

It appeared that the said district was duly organized; that in 1866 David Dodd was its prudential committee; that he employed Ann Shaw to teach a school in said district, and engaged the plaintiff to board her; that she did teach sixteen weeks, and that in accordance with his engagement the plaintiff boarded her fifteen weeks at an agreed price of $2 per week, and that the defendants on request have neglected and refused to pay him. The defendants claimed that they were not bound to pay the plaintiff's claim because the school was not a legal school, or one for which the prudential committee was authorized to pledge the credit of the school district, by reason of the following facts, which were fully proved:

At the meeting of March 29th, 1866, warned March 20, 1866, no vote was taken upon having a school the ensuing season or year, and it appeared that the district had no other school-meeting that year. The said Ann Shaw did not teach in the school-house of the district but another teacher was employed by said committee, who did, during the same term, teach in their school-

house, for which school the district have fully paid. It appeared that in 1866 the said school district No. 2 comprised, beside the village of North Hero and land in its immediate neighborhood, the major part of another island in Lake Champlain, called Butler's Island. The other part of Butler's Island belonged to another North Hero district called Jemsalem district, but there was no school-house in either district on Butler's Island. There were, in 1866, upon Butler's Island, about twenty-five children between the ages of four and eighteen. Their average age was about ten years. It appeared very clearly in evidence that it was not safe or practicable for children on Butler's Island to cross over to the island of North Hero to go to school either in summer or winter, though it was possible at most seasons of the year. With the exception, perhaps, of one boy, no child ever boarded or lived on Butler's Island and attended the school on the island of North Hero. In this state of facts, the prudential committee of said school-district No. 2 believed it his duty to furnish a school upon Butler's Island, and acting upon that conviction as well as upon the advice of parties at the town meeting where the matter had been somewhat discussed and considered, he told the people on Butler's Island to see if they could do anything for a school-house. Accordingly they found a house in that part of the island which belonged to the Jemsalem district, and moved it down upon that part which belonged to the village district, or No. 2, and with the aid of some lumber from the prudential committee, fitted it up for a school-house. The said committee then employed the teacher and sent her to this house on Butler's Island to teach. She had twenty-five scholars, about two thirds of whom resided on that part of the island in district No. 2, but the prudential committee was aware that all the children on the island attended the school, and he intended they should. The plaintiff boarded the teacher upon the credit of district No. 2, and the committee did not profess to pledge the credit of anything more, but he supposed that in the end the grand list of the whole island would be appropriated to the benefit of this school. The committee was without any direction from the school-district as to the course he should pursue in this matter. There was a school-house in the village of North Hero, and some forty scholars in the district upon that island. The said Ann Shaw's school was visited by the town superintendent and he promised to furnish her a blank register, but neglected it. She kept a register on paper to fill into the blank when furnished, and did this by direction of the superintendent. The register she kept is now lost. The teacher demanded pay for her wages, and at a meeting of April 13th, 1867, the record of

which meeting and warning is stated below, the district determined to settle her claim by paying it, but at the same time they did not intend to ratify the act of the prudential committee in employing her, and have always declined so to do, desiring by means of this suit to test the question of their legal liability for debts so contracted by their committee.

The court found no facts as to the plaintiff's having or not having knowledge upon any matter material in this case, except the court was satisfied that the plaintiff knew that the teacher actually did teach by direction of the committee on Butler's Island, and that she was employed to teach there. The court held that the objections to the plaintiff's recovery upon the foregoing state of facts were not tenable, and rendered judgment for the plaintiff for thirty-three dollars and sixty cents and costs. Exceptions by the defendants.

Article second of the said meeting of April 13th, was "to see if the district will vote a tax upon the grand list of said district to pay Ann Shaw for teaching school on Butler's Island during the summer of 1866." At said meeting the district voted to raise a tax to pay her, according to the said warning.

*H. S. Royce,* for the defendants.

*Edson & Rand* and *J. Hawrican,* for the plaintiff.

The opinion of the court was delivered by

PECK, J. We are all agreed that the vote of the district on the 13th of April, 1867, raising a tax on the grand list of the district to pay the teacher of the school on Butler's Island for teaching that school, is a ratification of the whole act of the prudential committee in providing for and sustaining that school at the expense and upon the credit of the defendant district, if it needed any ratification to make it binding on the defendant. It is too late, after that action of the district manifested by that vote, for the defendants to repudiate the claim of the plaintiff for boarding that teacher under a contract made by the prudential committee in behalf of the district. It is true it is stated in the exceptions that the district did not at the time of the vote intend to ratify

the act of the prudential committee in employing the teacher, but the legal effect of the record must be determined by the record, and cannot be explained away by parol, or by showing that the individual intent of the inhabitants was different from the language and legal effect of the vote. The whole record of that meeting is before us, and there is nothing in the vote in question, or in any part of the proceedings of the meeting, qualifying the vote or tending to show that anything was intended by it different from what its absolute and unqualified terms indicate. This view of the case leads to the affirmance of the judgment, but we do not decide that the plaintiff could not recover without that vote of the 13th of April; but it is not necessary in disposing of the case to enter into the other questions discussed by counsel.

The judgment of the county court is affirmed.