# SCHOOL DIST. NO. 4 IN BETHEL *v.* SCHOOL DIST. NO. 2 IN STOCKBRIDGE.

*Instruction of scholars in other district. Vote of district authorizing same. Warning.*

1. Under No. 9, s. 105, Acts of 1888, the prudential committee of one school district has no authority to contract with an adjoining district for the instruction of the scholars of the former unless authorized by a vote of his district in accordance with the provisions of that act.

2. If the prudential committee has no such authority his district is not liable for instruction furnished by an adjoining district under contract with him.

3. The district appointed an agent to settle all claims against it, having in contemplation this claim by the plaintiff for tuition. *Held,* that the district would not be bound by the action of the agent, unless there was some appropriate article in the warning for the meeting at which he was appointed.

School Dist. No. 4 in Bethel *v.* School Dist. No. 2. in Stockbridge.

4. An article, " to see if the district will vote to instruct the prudential committee to hire their scholars schooled in other districts," or " to see if they will raise money to defray the expenses of the same," is not sufficient.

Assumpsit. Trial by court at the December term, 1891, Taft, J., presiding. Judgment for the plaintiff  The defendant excepts. The opinion states the case.

*J. J. Wilson,* for the defendant.

The committee could not bind the defendant for the instruction of its scholars without the vote of the district. *Woodcock* v. *Bolster,* 35 Vt. 132; *Goodwin* v. *Perkins,* 39 Vt. 578; *Chittenden* v. *School Dist.,* 56 Vt. 551; No. 9 of the Acts of 1888, s. 105.

The appointment of an agent without a suitable warning would not make the district liable for his acts. No. 9, Acts 1888, s. 90; *Hunt* v. *School District,* 14 Vt. 300; *Shaw* v. *Bugbee,* 16 Vt. 439; *Greenbanks* v. *Boutwell,* 43 Vt. 207; *Blush* v. *Colchester,* 39 Vt. 193; *Atwood* v. *Lincoln,* 44 Vt. 332; *Allen* v. *Burlington,* 45 Vt. 202, *Harrington* v. *School District,* 30 Vt. 155; Angel and Ames Corp. s. 239; *Hayden* v. *Middlesex Turnpike Co.,* 10 Mass. 397.

*Hunton & Stickney,* for the plaintiff.

Without any vote of the district the prudential committee might provide at the expense of the district for schooling its pupils. *Chittenden* v. *School District in Waterbury,* 56 Vt. 551; *School District* v. *Harvey,* Ib. 556.

The plaintiff was not bound to inquire whether the necessary vote had been passed. *Baker* v. *School District in Barton,* 46 Vt. 189; *Manhattan Hardware Co.* v. *Roland,* 18 Atl. Rep. 428, pl. 2.

The defendant having received the benefit of the contract should perform on its part. *Lynch* v. *Flint,* 56 Vt. 46; *State Baptist Convention* v. *Ladd,* 58 Vt. 95, pl. 3; *Rowell* v. *School District in Tunbridge,* 59 Vt. 658.

The opinion of the court was delivered by

TYLER, J.   To warrant the prudential committee of one school district in making a contract with an adjoining district for the instruction of the pupils of the former in the schools of the latter, all the essential requirements of section 105, No. 9, Laws of 1888, must have been complied with.   That section is as follows:

" A district may, under an appropriate article in the warning, by a two-thirds vote, authorize its prudential committee to arrange for the instruction of all its legal pupils, in the studies prescribed by law, in the schools of an adjoining district or districts or in the most convenient schools of an adjoining town or towns in another State, and may authorize the transportation of such pupils to and from school."

The determination of the district not to support a school during a school year or term, but to arrange for the instruction of its pupils in other districts, is an important matter in the administration of its affairs; hence the strict precedent conditions to such action, that the attention of the voters of the district shall be called to the subject by an article in the warning for the meeting at which the vote is to be taken, and that the vote shall be passed by two-thirds of the voters present.   In this case the committee made the contract with the plaintiff district without authority from the defendant.

But it is contended by the plaintiff's counsel that, though the committee had no express authority, he acted in pursuance of a statutory obligation and of his duty to the district to provide for the instruction of its pupils in the studies prescribed by law. This position cannot be maintained.   It was held in *Chittenden* v. *School Dist. Waterbury*, 56 Vt. 551, cited by the plaintiff's counsel, that a prudential committee, acting in good faith to his district, could make a contract for the services of a teacher which contract extended somewhat beyond the committee's term of office and upon the term of his successor, but this was upon the ground that his power to make such a contract was derived from

34

530 WINDSOR COUNTY,

School Dist. No. 4 in Bethel *v.* School Dist. No. 2 in Stockbridge.

the statute and not from the district. For the same reason it was held in *School Dist. Waterbury* v. *Harvey*, 56 Vt. 556, that the vote of the district instructing the committee to employ a female teacher was not obligatory upon him, but advisory only. These cases are not in point, for the act of 1888 expressly confers upon the district the power of deciding whether or not it will have its legal pupils instructed in other districts, and its prudential committee has no duty in that respect to perform beyond what is imposed upon him by the vote of the district. *Baker* v. *School Dist.* in *Barton*, 46 Vt. 189, is not an authority for the plaintiff. In that case the district voted to build a school house, fixed its location and appointed a committee to superintend its construction. The committee employed the plaintiff to build it, not where it had been located, but in another place upon the land of the district. It was held that, the committee having actual authority to make a contract, the plaintiff had a right to presume that they acted within the scope of their authority. In *Harrington* v. *School Dist. in Alburgh*, 30 Vt. 155, it was held that an attorney could not recover for his services in defending a suit against the district upon employment by the prudential committee who had no authority therefor from the district. See *Manhattan Hardware Co.* v. *Phalen*, 128 Pa. 110 (18 Atl. Rep.) 428.

It is further insisted that the plaintiff may recover by virtue of section 106, Act of 1888, which provides that a prudential committee may, for a reasonable compensation to be paid into the treasury of the district, admit to the school under his charge the pupils of an adjoining district by arrangement with the prudential committee of such district. If this position is maintainable section 105 of the act would be rendered nugatory, and any committee could at his pleasure bind his district without its authority.

At the adjourned meeting held April 29 the defendant elected Nathan Davis special collector to collect and settle all unsettled matters in the district. This collector and the plaintiff's

School Dist. No. 4 in Bethel *v.* School Dist, No. 2 in Stockbridge.

prudential committee agreed upon the sums which the plaintiff was entitled to receive. for instructing the defendant's pupils, and the collector "made and spread upon the records a report showing credits to the district of cash and taxes due, and charging the district with an insurance tax paid, and with the sum of $28.50 as due for tuition of the Davis children, and $14 for tuition of the Fish children, and striking a balance."

The court below found, "that the only action taken by the defendant district in the matter was the appointment of said Davis as aforesaid," and held that the collector was authorized to collect and settle all unsettled matters as appears by the record, if the proceedings relative to the appointment of the collector were valid.

The statement which Davis spread upon the records shows no outstanding claims against the defendant except those of the plaintiff and the Gaysville district and a small insurance bill; therefore the vote authorizing Davis to settle all unsettled matters must have related to the demands for tuition. It was clearly the intention of the voters present at that meeting, as manifested by their vote, to direct their payment. It must be held that the demands were not legally enforceable against the defendant, inasmuch as the prudential committee made the contracts without authority. The case then turns upon the question whether any article in the warning for the annual meeting apprised the voters of the district that it would be proposed at any meeting that could be held under the warning to pay this demand of the plaintiff. The requirements of the statute relative to warnings for town and school district meetings are substantially the same : they must state the business to be transacted or considered. In *Ovitt* v. *Chase*, 37 Vt. 196, it was held that the subject for consideration should be indicated in the warning with reasonable certainty, and in such a manner that no person interested could be misled in respect to the proposition submitted for the consideration and action of the town. *Moore* v. *Beattie*, 33 Vt. 219; *Al-*

*ger* v. *Curry*, 40 Vt. 437.    The warning for the annual meeting contained among others the following articles:

"8th.    To see if the district will vote to have a school, if so how much."

"9th.    To raise money to defray expenses of said school."

"10th.    To see if the district will vote to instruct the prudential committee to hire their scholars schooled in other districts."

"11th.    To see if they will raise money to defray expenses of the same."

It is true that article 10 and 11 related to the questions of having the pupils instructed in other districts and of raising money to pay for the same, but the plaintiff's demand for tuition was not embodied in these articles and could not have been, for the contract between the plaintiff and the defendant's committee had not been made when the warning was posted. Voters in the district, having in mind the articles in the warning and the fact that the committee was not authorized at the annual meeting to arrange for the instruction of the defendant's pupils in other districts, had no reason to anticipate that a proposition to pay the plaintiff's claim would come before the adjourned meeting. It must therefore be held that no article in the warning authorized the vote, and that the record evidence was incompetent and improperly admitted.

*Judgment reversed and judgment for the defendant.*