Argued December 13, 1918, reversed February 11, 1919.

## BERRIDGE *v.* NICKELL.

(178 Pac. 353.)

**Counties—Compensation of Accountants—Statute—Mandatory Provisions—"Authorized and Empowered."**

1. The words "authorized and empowered," used in Laws of 1917, page 481, providing that every county whose books and accounts were audited under Laws of 1913, page 545, and which have not paid accountants making audit, is authorized and empowered to compensate accountants, are mandatory and not permissive.

> [As to power of county or other municipal corporation to employ expert accountants to examine public accounts and records, see note in Ann. Cas. 1913B, 1087.]

From Yamhill: HARRY H. BELT, Judge.

Department 2.

Proceedings in *mandamus* by Arthur Berridge and another, doing business as Arthur Berridge & Co., against W. W. Nickell, County Judge of Yamhill County, and others. From the judgment rendered, plaintiffs appeal. Reversed, and judgment entered in favor of plaintiffs.

REVERSED.    JUDGMENT ENTERED.

For appellants there was a brief with oral arguments by *Mr. Andrew M. Crawford* and *Mr. Frank Holmes.*

For respondents there was a brief and an oral argument by *Mr. Roswell L. Conner*, District Attorney.

McBRIDE, C. J.—This is a proceeding in *mandamus* to compel the County Court to pass upon a claim of plaintiffs for services rendered in auditing the books and accounts of Yamhill County, pursuant to a contract with the State Insurance Commissioner. The

facts are practically identical with those in *Mackenzie* v. *Douglas County, post,* p. 375 (178 Pac. 350), and the reasoning in that case applies here.

Plaintiffs had begun an action claiming the right to recover under the provision of Chapter 286, Laws of 1913, but after the opinions of this court were rendered in *Mackenzie* v. *Douglas County,* 81 Or. 442 (159 Pac. 625, 1033), and *Berridge* v. *Marion County,* 81 Or. 391 (159 Pac. 628), they refused to proceed further and their action was dismissed for want of prosecution. When Chapter 252, Laws of 1917, was enacted plaintiffs again presented their claim, but the County Court refused to take any action whatever and thereupon plaintiffs brought this proceeding to compel the court to pass upon their claim.

In addition to what is said in *Mackenzie* v. *Douglas County,* we may add that in our opinion the words "authorized and empowered" used in Chapter 252, Laws of 1917, are mandatory and not permissive, the rule being that where these, or like words, are used in a statute to provide for the doing of some act required by public duty or justice or where the rights of a citizen are concerned, they will be construed as mandatory: See title, "Authorize," 1 Words & Phrases, 647.

The judgment of the Circuit Court is reversed and a judgment will be entered here directing the County Court to pass upon the claim.

Reversed.   Judgment Entered.

Bean, Johns and Burnett, JJ., concur.