## Frank A. Walsh v. James Farrington et al.

February Term, 1933.

Present: Powers, C. J., Slack, Moulton, Thompson, and Graham, JJ.

Opinion filed May 2, 1933.

270

*Fenton, Wing, Morse & Jeffords* for the petitioner.

*A. F. Schwenk* and *W. R. Daley* for the petitionees.

Powers, C. J. This is a petition for a writ of mandamus to compel the selectmen of the town of Whitingham to execute, on behalf of the town, a certain contract with the plaintiff, agreeably to a vote of that town. The petition is demurred to.

We are, therefore, only concerned with the allegations therein.

Disregarding for the moment all others, the following facts are alleged. The plaintiff is a physician regularly licensed to practice his profession in this State. The selectmen of the town of Whitingham, acting under No. 49, Acts of 1931, called a special meeting of that town for July 23, 1932, under a warning specifying the business to be considered as follows:

> "Art. 1. To see if the town will vote to procure the services of Dr. F. A. Walsh and to authorize the selectmen to contract with said Dr. F. A. Walsh to establish an office in said town of Whitingham and to attend the sick of said town.
>
> . "Art. 2. To transact any other business legal and proper to come before said meeting."

The meeting was held on the date named, and a proposed contract in writing was laid before it, and discussed by the voters. Thereupon, the meeting by vote directed the selectmen to execute said proposed contract. The plaintiff did execute it, but the selectmen refused to do so.

It is to be observed that there is no general allegation of the regularity of the call for this special meeting. But the warning is set out in the petition, and the first question presented challenges its legal sufficiency. It is not and cannot be disputed that no one can rely upon a vote as giving him any rights against a town, without proving a legal notice of the meeting at which the vote was passed. *Bloomfield* v. *Charter Oak Bank,* 121 U. S. 121, 30 L. ed. 923, 927, 7 Sup. Ct. 865. The want of such notice is a jurisdictional defect and fatal to the validity of the vote if called in question. G. L. 3918 requires that the warning of a town meeting shall set forth "the business to be done and the subjects to be considered." These must be made reasonably clear. But they may be set forth in general terms. All the law requires is that they shall be stated with such reasonable certainty as will indicate to all interested the subject-matter of proposed action by the town. *Moore* v. *Beattie,* 33 Vt. 219, 222; *Alger* v. *Curry,* 40 Vt. 437, 444; *Hickok* v. *Shelburne,* 41 Vt. 409, 416; *School District* v. *School District,* 64 Vt. 527, 531, 25 Atl. 433. In this respect, the warning is sufficient.

■ But the vote passed at the meeting went further than the express terms of the warning required. It is set out in the petition, and shows that an appropriation of $2,000 was voted to secure the contract with the plaintiff; and it is urged that the warning was insufficient to authorize an appropriation. But we are testing the petition as a pleading, and only so far as the demurrer requires. So far as we are now concerned, the validity of the appropriation is immaterial, for the question when, how, or if the plaintiff can get his pay is not involved.

■ ■ The allegation that the town directed the selectmen to execute the contract set out has a different standing. The wording is that the town "by said vote above referred to" directed its selectmen. This is all that is alleged. It obviously refers to the vote set out in the petition, which reads, "the selectmen are hereby *authorized,*" etc. So we must examine that term to determine its true meaning in the vote referred to. It is frequently the case that an expression permissive in form is imperative in law. If the meaning here is that the matter was to be left to the discretion and judgment of the selectmen —if the vote was permissive only—a mandate from this Court will not issue. *Sanborn* v. *Weir,* 95 Vt. 1, 5, 112 Atl. 228. That the word "authorized" ordinarily implies *permission,* merely, is plain enough. Yet, when used in connection with the acts of public officers, it is frequently if not usually construed as mandatory and as imposing a positive duty. *Jones* v. *Madison County Commissioners,* 137 N. C. 579, 590 *et seq.,* 50 S. E. 291; *Berridge* v. *Nickell,* 91 Or. 51, 52, 178 Pac. 353; *Chase* v. *United States* (C. C. A.), 261 Fed. 833, 837, and cases cited. These and other cases apply the rule that a statute which "authorizes" or "empowers" a public officer to do a certain thing imposes upon him a positive duty to do it.

While it was said in *Kellogg* v. *Page, State Treasurer,* 44 Vt. 356, 359, 8 A. R. 383, that laws "authorizing" public officers to do an act are to be construed, as all other statutes are, according to the intent of the Legislature that enacted them to determine whether they are permissive or mandatory, the books show that the great weight of authority is to the effect that such acts are to be taken as imposing a positive duty upon the officer named, unless words of limitation are used therein. Considering the circumstances under which the vote in question was passed, as shown by the allegations of the petition, it seems

plain that the town meeting intended to instruct the selectmen to close this contract with the plaintiff. The very purpose of the meeting was to decide whether they should have a doctor available for the care of sick persons in town. The contract was drawn up, presented to the meeting, and fully discussed. The vote was passed, and we have no doubt that when the meeting adjourned the voters supposed that the whole matter was settled. We hold therefore that the vote imposed upon the selectmen the duty to sign a contract with the plaintiff.

As we have seen, the allegation is that, by its vote, the meeting directed the selectmen to sign *this* contract—the one recited in the petition. The defendants insist that this position is untenable. The question is thus raised as to the effect to be given to the record of the vote. Its language is that the selectmen are authorized to make "a contract," not "the contract." Is this to be taken literally or is it to be construed to mean the latter? The law requires the town clerk to record the votes passed at a town meeting. G. L. 3949. We take it from the petition that the vote therein set forth is a copy of the record of the meeting of July 23, 1932. The rule is that where there is such a record, it cannot be added to or varied by parol. *Hoag* v. *Durfey,* 1 Aikens, 286, 287; *Hutchinson* v. *Pratt,* 11 Vt. 402, 421; *Slack* v. *Norwich,* 32 Vt. 818, 822; *Cameron* v. *School District,* 42 Vt. 507, 510. But this is nothing more than one application of the so-called parol evidence rule that obtains in cases of written documents, generally. It is frequently necessary, in order to ascertain the true meaning and effect of written instruments, to receive evidence of facts and circumstances attending their execution. Such evidence is admissible. Dean Wigmore says "that the words of a document are never anything but indices to extrinsic things, and that therefore all the circumstances must be considered which make clear the sense of the words—that is, their association with things." 5 Wig. Ev. 404. So it is that extrinsic evidence, either oral or written, may always be admitted to identify the subject-matter of a contract. It is competent so to prove the identity of the particular building covered by an insurance policy. *Williams Mfg. Co.* v. *Insurance Co.,* 93 Vt. 161, 178, 106 Atl. 657. Parol evidence is admissible to show the location of hay sold f.o.b. by written contract. *Adams* v. *Janes,* 83 Vt. 334, 337, 75 Atl. 799. So with a deed, when an ambiguity appears therein

only when it is applied to the land, parol evidence is admissible to remove the uncertainty. *Patch* v. *Keeler*, 28 Vt. 332, 335; *Wead* v. *St. Johnsbury, etc., R. R. Co.*, 64 Vt. 52, 58, 24 Atl. 361. When the person to whom a bequest is made is uncertain, parol evidence is admissible, not to vary the will, but to apply it. *In re Welch's Will*, 78 Vt. 16, 18, 61 Atl. 145. It is just so with the record of a town meeting; the law allows parol evidence to be received when it is necessary to apply a vote to its proper subject-matter. Dillon, Mun. Corp. (5th ed.), § 555. Thus, a vote to indemnify an inhabitant for his costs in a certain suit which had arisen or might arise on account of the so-called ''Gray line,'' was passed by the defendant town, and in a suit to enforce a claim thereunder, it was held that parol evidence was admissible to identify the suit referred to in the vote. *Baker* v. *Windham*, 13 Me. 74, 80.

The record before us shows a vote so indefinite that it leaves it uncertain whether it was intended to leave the terms of the contemplated contract to the discretion of the selectmen, while the allegations of the petition show circumstances warranting the inference that the vote had reference to the contract set out. In these circumstances, it cannot be said that the vote did *not* refer to that contract, and that is enough for our present purposes, since the inference that it did is not inconsistent with the language of the record.

*Demurrer overruled, with costs to the plaintiff. Let the defendants replead if they be so advised.*