### Town of Mendon v. Anthony Ezzo

[278 A.2d 726]

No. 156-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 1, 1971

*Theodore Corsones,* Rutland, for Plaintiff.

*Dick, Hackel & Hull,* Rutland, for Defendant.

**Holden, C.J.** At the instance of the plaintiff town of Mendon, the Rutland County Court of Chancery enjoined the defendant from completing construction of a building in that town. The injunctive relief is founded on the chancellor's determination that the proposed construction violates the interim zoning regulations adopted by the town on June 16, 1969.

This appeal by the defendant attacks the chancellor's decree in two aspects. The first challenges the validity of the ordinance for procedural and substantive defects in the enactment of the regulation. His second point is that the injunction deprives him of a vested right to the use of his property which he had undertaken prior to the interim Zoning Enactment and hence is not subject to the regulation imposed on June 16, 1969.

According to the chronology stated in the chancellor's findings, the defendant in March 1966 acquired title in the name of members of his family in a two acre parcel of land in the South Mendon area of the plaintiff town. On March 5, 1968, the voters at a duly warned town meeting authorized the selectmen of the town to propose zoning regulations, apparently as provided in 24 V.S.A. § 3002 then in effect. In January of the following year the defendant engaged the services of an out of state builder to erect a building on the property of his wife and daughter. It was his intention at that time to construct a redwood building on the south portion and a sporting goods store on the north part of the property.

In March 1969 the defendant went forward with his plans to develop the two acre plot. Financing for the project was

arranged, a builder engaged and lumber purchased for the footings for this construction. Before actual construction of these buildings was commenced, the defendant completed building an auto repair shop on the same parcel on April 11, 1969. In May the defendant brought in some 520 yards of gravel, staked out the area and leveled portions of the land by means of a bulldozer. The chancellor's findings report that this operation increased the value of the premises and provided a parking area for the defendant's auto repair business. No excavation was made, nor were any footings or foundations constructed prior to May 24, 1969.

On that date the selectmen of Mendon caused the following notice to be posted in three public places and published in the Rutland Herald, a daily newspaper of local and statewide circulation:

---

MENDON MENDON
## WARNING

The legal voters of the Town of Mendon are hereby warned that a public hearing will be held at the Grange Hall in Mendon, Vermont, on June 9, 1969, at 7:30 P.M. to consider adopting as an emergency measure, temporary interim zoning regulations affecting South Mendon, so-called, that is, that part of Mendon that lies west of East Mountain and south of U.S. Route 4, which will provide that no permit be granted in this area for any type of development other than one acre, minimum residential development except by the legislative body of the Town of Mendon, after due notice and public hearing, on each application and upon receipt of the recommendations of the planning commission in each case, all pursuant to 24 V.S.A. § 4410.

Mendon, Vermont R. E. Bossardt
May 22, 1969 M. H. Spaulding
 J. H. Valiquette
 Selectmen

(Pl. Ex. 2)

---

The public hearing called for in the notice was held on June 9, 1969. Finding 11 reports that "(a)fter considering the views of the people as presented at the public hearing, interim zoning was adopted on June 16, 1969." The zoning

regulations adopted by the selectmen on this date were received as evidence and supplement the findings of the chancellor.

During the July following the adoption of these regulations the defendant started excavation for building a gun shop. In September 1969 forms for the footings of the building were constructed and the concrete poured. The findings conclude with the determination that the building proposed to be erected by the defendant is in violation of the zoning regulations adopted for the town of Mendon. The defendant was enjoined from proceeding further with the proposed construction.

Our first concern is with the procedural requirements for temporary zoning imposed by the Vermont Planning and Development Act, stated in 24 V.S.A. § 4410. 1967, No. 334 (Adj. Sess.) § 1, eff. March 23, 1968. This section was later amended in 1969 (1969, No. 116 § 9), but since the regulations, which are the subject of this appeal, were adopted prior to the effective date of the amendment, we must take this part of the statute as first enacted in 1967. As then written, § 4410 provided:

> If a municipality is conducting, or has taken action to conduct studies within a reasonable time, or has held or is holding a hearing for the purpose of considering a plan or zoning regulations or an amendment, extension, or addition to either, or if new territory for which no zoning regulations have been adopted may be annexed to a municipality, the legislative body in order to protect the public health, safety, and general welfare may adopt after public hearing upon public notice as an emergency measure a temporary interim zoning map or temporary zoning regulations affecting all or a part of the municipality. Such interim regulations shall be limited to two years from the date they become effective and may not be extended or re-enacted for the same purpose. Such interim regulations shall provide that within such designated area, which may include all areas of the municipality, no permit may be granted for any type of development other than one acre, minimum residential development except by the legislative body after due notice and public hearing

on each application, and upon receipt of the recommendations of the planning commission in each case.

The temporary zoning regulations of Mendon were adopted "after public hearing upon public notice as an emergency measure . . . ." These are the basic requisites of § 4410. The defendant maintains this is not enough. He contends that the validity of emergency zoning demands compliance with all of the provisions of 24 V.S.A. § 4447 of the Planning and Development Act. In meeting this question, we take the case on its merits, without reference to an oral statement concerning this point made at the hearing before the chancellor by trial counsel for the defendant.

This section provides:

> Any public notice required for public hearing under this chapter shall be given by the publication of the date, place and purpose of such hearing in a newspaper of general publication in the municipality affected and the posting of such notice in one or more public places within the municipality not less than fifteen days prior to the date of the public hearing. Where such hearing is called in reference to a plan or amendment thereto, or to any by-law or amendment thereof, or any other matter relating to written material, such public notice shall also include either the full text of such material or a brief summary setting forth the principal provisions and a reference to a place within the municipality where copies of the proposed material may be examined.

The shortages claimed are that the public notice given by the selectmen failed to provide a brief summary of the principal provision of the regulations and make no reference to a place in the town where copies of the regulations may be examined.

■ There is an essential difference in the procedural requirements for temporary zoning and those imposed for the adoption of a comprehensive zoning plan. There is well founded judicial recognition of the fact that substantial time and effort are required to compose a sound comprehensive zoning plan. It would be destructive of the final result and purpose of comprehensive zoning if, during the critical formulative pe-

riod, persons seeking to avoid its operation could frustrate the plan by hastening construction before the permanent ordinance could be adopted. The temporary zoning authorized by our statute is designed to avoid this consequence. And as a temporary expedient of limited duration, it is not to be held to the same procedural strictures required of the adoption of the final plan. *Miller* v. *Board of Public Works,* 195 Cal. 477, 38 A.L.R. 1479, 1489 (1925), writ of error dismissed, 273 U.S. 781, 71 L.Ed. 889 (1926) ; *Lebanon* v. *Woods,* 153 Conn. 182, 215 A.2d 112, 115 (1965). See also *Deal Gardens, Inc.* v. *Board of Trustees,* 48 N.J. 492, 226 A.2d 607, 611 (1967); 58 Am.Jur. *Zoning* § 237; 101 C.J.S. *Zoning* §§ 18–19; Annot., 30 A.L.R.3d 1196 (1970); Annot., 136 A.L.R. 844, 846 (1942).

The requirements of § 4447, that public notice be given by publication and posting within the time specified of the date, place and purpose of the public hearing, have been fulfilled by the plaintiff. This was proper since the hearing was called under the provisions of Chapter 91 of Title 24. However, the further requirement of § 4447 relates only to a plan or by-law that is proposed in written material.

■ There is no statutory mandate that specific proposal for temporary zoning be reduced to writing before the notice is published and the hearing held. The language of 24 V.S.A. § 4410 persuades us that such a requirement was not intended by the lawmakers. The only restriction imposed for such an emergency regulation is that the selectmen withhold adoption until "after public hearing and public notice." And this requirement is imposed to aid the legislative body in designing and adopting appropriate provisions to accomplish interim zoning.

■ There is nothing in the record at hand to indicate the plaintiff's zoning regulations of June 16, 1969, had progressed to the point of inscription at time the notice of the public hearing was given. If not, for the purpose of emergency zoning, there was no occasion under § 4447 to designate a place where the written material could be examined. In that event only the principal provisions were required for publication.

■ The aim of the statute is to notify all interested persons of what action is proposed and to afford them reasonable

opportunity to present facts and arguments, either in support or protest of the action proposed. *Town of Milton* v. *Bert's Mobile Home Park, Inc.,* 129 Vt. 395, 278 A.2d 754 (1971); *Walsh* v. *Farrington,* 105 Vt. 269, 274, 165 A. 914 (1933); *Nelson* v. *Town of Belmont,* 274 Mass. 35, 174 N.E. 320, 323 (1931). The notice published by the plaintiff meets this demand.

■ This is entirely plausible. The main purpose of emergency regulation is to temporarily preserve the existing land uses and maintain the *status quo.* When the permanent plan and zoning ordinance are presented to the town of Mendon for adoption, further notice and hearing will be required under the chapter consistent with the essentials of due process. *Corcoran* v. *Village of Bennington,* 128 Vt. 482, 266 A.2d 457, 465 (1970); See *Thompson* v. *Smith,* 119 Vt. 488, 500, 129 A.2d 638 (1957); *Metro Realty* v. *County of El Dorado,* 35 Cal. Reptr. 480, 486, 487 (Dist.Ct.App. 1963).

The defendant also complains about the substance of the regulations which the selectmen adopted. The public notice given by the plaintiff informed those interested that the voters will be called upon to consider temporary interim zoning regulations "which will provide that no permit be granted in this area for any type of development other than one acre, minimum residential development except by the legislative body of the Town of Mendon. . . ."

The temporary regulations purport to exempt single residential structures on one acre lots from the requirement of a permit, provided such structures comply with certain set back requirements. The defendant contends the dimensional restriction for such residential construction is a principal provision of the ordinance and the failure to include it in the notice of the public hearing destroys the validity of the entire temporary zoning. We disagree.

■ ■ The question of whether the set back proviso, as to single structures, exceeds the call of the public hearing is not before us. The present controversy concerns a proposed commercial use of the defendant's property for constructing a gun shop. The zoning enactment in suit cannot be overthrown at the instance of the defendant on suggested irreg-

ularities which do not adversely affect him. *Clark* v. *City of Burlington,* 101 Vt. 391, 412, 143 A. 677 (1928); *State* v. *Caplan,* 100 Vt. 140, 154, 135 A. 705 (1927). And even if the set back regulations were to be examined and found wanting, such partial invalidity would not destroy the full ordinance. *Thompson* v. *Smith, supra,* 119 Vt. at 503.

The defendant advances two further points concerning the subject matter of the regulations: (1) There is no provision for the selectmen to receive the recommendations of the planning commission on each application for a permit. (2) The ordinance undertakes to exempt remodeling of existing structures and buildings for agricultural use from the requirement of prior approval by the legislative body of the town.

Again the defendant has not been aggrieved by this aspect of the regulations for the findings report that he has made no application for a permit to construct a gun shop within the administrative procedure afforded him under the temporary regulations of June 16, 1969. Hence there has been no occasion for the selectmen to call for, or receive, the recommendations of the planning commission.

By the same token, he has failed to demonstrate how the exceptions afforded by the regulations, as to agricultural and remodeled structures, adversely affect his situation. If it can be said that these particular exemptions were unauthorized, such partial invalidity would not relieve the defendant from compliance with the pertinent regulations which are in keeping with the enabling statute.

 We must deal with the facts which compose the case at hand. And the findings reported by the chancellor fail to bring the present appeal within the reach of the regulations of which the defendant complains. When called upon to enforce municipal zoning, the courts will not scrutinize every provision of the ordinance to search out some departure from the paramount law which does not harm the landowner in the present suit. *Euclid* v. *Ambler Realty Co.,* 272 U.S. 365, 71 L.Ed. 303, 54 A.L.R. 1016, 1029 (1926). And as with the set back restrictions, if it can be said that the legislative body of the town departed from the statutory scheme in certain respects, the invalid regulations can be severed from the main body and the remainder will be enforced. *Thompson* v. *Smith,*

*supra,* 119 Vt. at 503; *Wolfsohn* v. *Borden,* 241 N.Y. 288, 150 N.E. 120, 125 (1925).

The defendant asserts a vested right to complete the construction of the gun shop and sporting goods store. He contends that the injunction ordered by the chancellor invades that right. His claim in this respect appears to be founded on the proposition that the building of the garage and the construction of the store were undertaken as a single project. He asks us to read the record as though the sporting goods enterprise is merely a second phase of the initial construction.

The chancellor apparently was not persuaded to this conclusion. Such was his prerogative, since the evidence admits of opposing inferences on this point. *In re Bugbee's Will,* 92 Vt. 175, 183, 102 A. 484 (1917). In any event, that question is not controlling. Yielding to the defendant's premise of a combined project, the vested right to use the land to maintain a garage, on the strength of prior non-conforming use, cannot be expanded to confer additional rights to include a proposed second building, not yet underway. Nonconforming uses, existing when the regulations went into effect are allowed to continue—not to multiply. *Edgewood Civic Club* v. *Blaisdell,* 95 N.H. 244, 61 A.2d 517, 518 (1948). Such an extension would violate the spirit and purpose of zoning legislation and could destroy its effect. *DeWitt* v. *Town of Brattleboro,* 128 Vt. 313, 262 A.2d 472, 476 (1970); *Ackley* v. *Nashua,* 102 N.H. 551, 163 A.2d 6, 9 (1960). See also *La Chapelle* v. *Goffstown,* 107 N.H. 485, 22 A.L.R.3d 1128, 1131 (1967).

There remains for decision, the final question of whether the progress on the gun shop and sporting goods store before interim zoning created a right in the defendant to continue after the regulations imposed on June 16, 1969. As of that day, according to the defendant's version of the facts, the site had been graded to make it ready for a building. There was no excavation; no footings were in and no concrete poured. Building construction had not begun.

In support of exemption, the defendant places much reliance on *Darlington* v. *Board of Councilmen of Frankfort,* 282 Ky. 778, 785 (1940). The project was to remodel a resi-

dence to accommodate a florist business. The landowner had excavated and removed certain trees from the front yard. More importantly, the landowner had conducted the business of selling flowers from the premises and notified the public to this effect before emergency zoning went into effect. On the strength of these facts, the Kentucky Court upheld the landowner's right to continue construction, stating:

"It would seem, therefore, that the right to utilize one's property for the conduct of a lawful business not inimicable to the health, safety, or morals of the community, becomes entitled to constitutional protection against otherwise valid legislative restrictions as to locality, or, in other words, becomes 'vested' within the full meaning of that term, when, prior to the enactment of such restrictions, the owner has in good faith substantially entered upon the performance of the series of acts necessary to the accomplishment of the end intended."

The present case stands differently. The work accomplished prior to the adoption of interim zoning was not substantial. It merely prepared the premises for future construction. There has been no actual use of the lands for the purpose contemplated by its owner.

Preparation for a forbidden use is not enough to relieve the property from regulation. Zoning restrictions may attach, even though a substantial investment has been committed to the project. *Winn* v. *LaMoy Realty Corp.*, 100 N.H. 280, 124 A.2d 211, 213 (1956); *Downer* v. *Baltimore*, 187 Md. 678, 51 A.2d 658, 661 (1947); *Smith* v. *Juillerat*, 161 Ohio St. 424, 119 N.E.2d 611 (1954); *DeFelice* v. *Zoning Board of East Haven*, 130 Conn. 156, 32 A.2d 635, 638 (1943). 8A E. McQuillan, Municipal Corporations § 25.186 (3d ed. rev. F. Ellard 1965).

The fact that construction was continued without a permit, after the interim zoning went into effect does not aid the defendant. It merely confirms the need for injunctive relief to halt further construction during the time the emergency regulations are in effect.

*Decree affirmed and cause remanded.*