### Town of Milton v. Bert's Mobile Home Park, Inc.

[278 A.2d 754]

No. 47-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 1, 1971

*Latham, Eastman & Tetzlaff*, Burlington, for Plaintiff.

*John A. Burgess*, Montpelier, for Defendant.

**Keyser, J.** The warning of the 1966 annual town meeting of the Town of Milton contained the following item of business to be acted upon by the voters:

> "Article 21. To see if the Town will enact an ordinance to regulate trailer parks as permitted by state law by Public Acts of 1957 Act No. 281, page 294."

The town clerk's minutes of the meeting show that "(a)fter much discussion it was voted to pass Article 21 as worded." On May 14, 1967, the selectmen established a schedule of license fees as authorized under 24 V.S.A. § 2232(4).

The defendant has maintained a trailer park in the plaintiff town since April 1, 1967, containing from 85 to 90 mobile homes. He consistently refused to apply for a license as required by the ordinance and thus has not paid any license fees. This suit was brought in Chittenden County Court to collect the fees due under the provisions of the ordinance.

The court in its findings stated that it "sustains the oral motion made by the Defendant to dismiss because it is unable to find that the warning of the annual Town Meeting contained language sufficiently clear and complete to apprise the townspeople of the contents of the proposed ordinance itself." The court dismissed the petition (sic) and plaintiff appealed.

There is but one issue for resolution—Was Article 21 of the 1966 warning inadequate to apprise the townspeople of the subject to be voted upon?

It is contended by the appellant that the article in the warning complied with the law and was sufficiently definite to warrant action thereon by the voters. On the other hand, the appellee claims the ordinance should have been set out in Article 21 and, since it was not the ordinance is invalid.

The power of a municipality to accomplish zoning exists by virtue of the authority delegated from the state. The regulation and licensing of trailer parks was authorized by No. 281, Sec. 1 of the Acts of 1957 which is now 24 V.S.A. § 2231. The statute provides that "(T)he selectmen of a town . . . may enact an ordinance to provide for the regulation and licensing of all parks for trailer coaches or mobile homes within their respective jurisdictions." The form and substance of the ordinance authorized by § 2231 is set forth in 24 V.S.A. § 2232. The ordinance enacted by the selectmen becomes effective only "when approved by a majority of the legal voters of the town present and voting on the question at a regular or special meeting thereof duly warned for the purpose." 24 V.S.A. § 2233.

No question is made by the defendant but that the ordinance was duly enacted by the selectmen under this statute prior to its submission to the legal voters. Although there is no finding in this regard, Plaintiff's Exhibit No. 2 shows that the selectmen enacted the trailer ordinance on February 1, 1966. The ordinance is in the identical language of § 2232. In the absence of evidence to the contrary, it will be presumed that the selectmen properly discharged the duties of their office and faithfully performed those matters with which they are charged relating to the enactment of the ordinance for the regulation and licensing of trailer parks. *In re Waterhouse*, 125 Vt. 202, 204, 212 A.2d 696 (1965).

The findings of the court which state that the warning was for the "1967" town meeting and that the enactment of the trailer ordinance was on March 1, 1967, is an obvious error, the correct date in each instance according to the record being 1966, and we so treat it.

Under 24 V.S.A. § 704, "(a) warning for an annual or special meeting of a municipality shall, by separate articles, specifically indicate the business to be transacted." The court found that the annual meeting was duly warned and that the warning was posted as required by statute (in 3 public places at least twelve and not more than twenty days before the meeting, 24 V.S.A. § 703). As noted *supra*, the vote on the ordinance was under a separate article leaving only the question of whether it specifically indicated the business to be transacted.

In *Walsh* v. *Farrington,* 105 Vt. 269, 165 A. 914 (1933), the validity of the warning was questioned. This court held that under the statute (then G.L. 3918) the business done and subjects to be considered "must be made reasonably clear. But they may be set forth in general terms. All the law requires is that they shall be stated with such reasonable certainty as will indicate to all interested the subject-matter of proposed action by the town." To the same effect—*Alger* v. *Curry,* 40 Vt. 437, 444 (1868); *Kittredge* v. *Walden,* 40 Vt. 211 (1867).

The question of whether the business of the meeting was sufficiently set forth in the warning arose in *Weeks* v. *Batchalder,* 41 Vt. 317 (1868). Part of the business to be transacted was "to see if the town will vote to divide school district No. 9 in said town" and "to make such other alterations in school districts as may be found necessary." One of the plaintiff's objections was that the warning did not indicate how it was proposed to divide district No. 9, and was too indefinite as a notice of the business to be done. The court held the warning was sufficiently definite and added: "If this does not indicate the business to be done, and in this case that was actually done, it is difficult to conceive of a warning that would."

In *Ovitt* v. *Chase,* 37 Vt. 196 (1864), it was held that the subject for consideration should be indicated in the warning with reasonable certainty, and in such a manner that no person interested could be misled in respect to the proposition submitted for the consideration and action of the town.

In *Moore* v. *Beattie,* 33 Vt. 219 (1860), the questioned article in the warning for a town meeting was "to see if the voters present will vote to set off" the plaintiff and six other persons named "and their real estate from school district No. 5, the same to constitute a new district." The court held that this was a sufficiently definite description of the real estate proposed to be set off to bring the subject within the scope of the action of the town.

The warning in *McKinney* v. *Riley,* 105 N.H. 249, 197 A.2d 218 (1964), contained the following article: "To see if the town will vote to accept the zoning ordinance as proposed by the Zoning Commission appointed by the Moderator as directed by the vote of the town." A copy of the report and

plan was posted along side of each copy of the warrant but was not incorporated into and made a part of the warrant. The court held that:

> "the object of specific articles in a warrant is, to give information to the voters of the subject-matters to be acted on in town-meeting, that the voters may be enabled to act deliberately and intelligently and that the will of individuals may not be subjected to the will of a majority any further than it is subjected by law. . . . We conclude therefore that in adopting the zoning ordinances there was a substantial compliance with the statute."

"The object of the warrant is to give previous notice to the inhabitants of the subjects to be acted on, and, if this is done substantially, it is sufficient." Per Shaw, C.J. in *Torrey* v. *Millbury,* 21 Pick. 64, 68 (Mass. 1838). See also *Bull* v. *Town of Warren,* 36 Conn. 83, 85 (1869).

In the case at bar, Article 21 of the warning in definite and explicit language gives notice of the subject-matter to be considered and voted upon. The only object of the article was to decide whether the ordinance to regulate trailer parks in the town would be enacted as authorized and set forth in the statute. The article referred the voters to the zoning authority statute where the ordinance could be found. This information was readily available at the office of the town clerk.

Notice of the warning for the March 1, 1966, annual town meeting was not only by public posting but also was by being printed on the back cover of the town report made to the taxpayers covering the year 1965. The legal voters in the town could not help but understand from the warning that a vote was to be taken on the question of the regulation of trailer parks and, if passed, that such parks would be subject to regulation and licensing under the statute specified in the article. There is no claim made that any voter did not have notice of the ordinance or was misled by the article. Technical precision is not necessary.

Adoption of the ordinance resulted after "much discussion" as shown by the town clerk's minutes of the meeting. We can only conclude that the voters thoroughly understood and considered the subject-matter of the article. Likewise, it

showed their intent to adopt the ordinance. The claim that the article was inadequate is sharply technical and untenable.

On the record before us, we hold the court below erred in granting defendant's motion to dismiss.

*Reversed and remanded.*