## Town of Chester v. The Country Lounge, Inc.

[375 A.2d 414]

No. 200-76

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed April 5, 1977

*Weber, Fisher, Perra & Gibson*, Brattleboro, for Plaintiff.

*Divoll and Doores*, Bellows Falls, for Defendant.

**Billings, J.** This is an appeal from an order of the Windsor Superior Court enjoining the defendant-appellant from conducting any commercial activity on its premises in the Town of Chester until the defendant obtains a valid zoning permit.

Either permanent or interim zoning was validly in existence in the Town of Chester at all material times except for the period from September 5, 1970, to May 12, 1971, and from May 14, 1972, to April 10, 1973. On August 20, 1971, a zoning permit was issued to Shirley Blake to place a trailer and to erect a toolshed on premises owned by Hazel Cenate. Sometime in 1971, a sixty by twenty-four foot building shell was erected on the premises. On January 14, 1972, the zoning administrator of the Town of Chester warned Shirley Blake that the permit was granted for a residence only. Subsequently, she filed another application for a permit for a country-western music hall and trailer. This permit was denied by the zoning administrator. On April 30, 1973, at a time when interim zoning was in effect, the premises, which included the building shell, were conveyed to the defendant. In December, 1973, the defendant requested a permit for a commercial construction; namely, a building sixty by twenty-four feet. This permit was denied. On August 7, 1974, the defendant began commercial activities in the nature of a "private bottle club" on the premises.

The defendant claims that the interim zoning, by its terms, does not apply to its use of the premises, and in any event, the defendant's use pre-existed the effective date of the plaintiff's zoning ordinance. From a review of the record, the trial court's determination that the defendant is in violation of the plaintiff's existing zoning ordinance is without error.

The plaintiff's zoning ordinance applies to all land developments commenced after April 18, 1973. 24 V.S.A. § 4303(3) defines land development as follows:

(3)  "Land development" means the division of a parcel into two or more parcels, the construction, reconstruction, conversion, structural alteration, relocation or enlargement of any building or other structure, or of any mining, excavation or landfill, and *any change in the use of any building or other structure*, or land, or extension of use of land. (emphasis added.)

The record shows that the defendant commenced a new use of the shell on August 7, 1974, as a bottle club. In reality, this was the first use of the building. At that time, the town's interim zoning requiring the defendant to obtain a permit for a commercial activity in a residential district was in full force and effect. This "change" in use comes within the definition of land development.

■ Defendant contends that by reason of the construction of the sixty by twenty-four foot shell in 1971, it had a pre-existing, nonconforming use of the premises. The existence of a hollow shell does not give the defendant a vested right. *Larson* v. *Howland*, 124 N.Y.S.2d 754 (Sup.Ct. 1953). Nor does a planned or intended use without substantial improvement of the premises give the defendant rights. *Meserole* v. *Board of Adjustment*, 172 S.W.2d 528 (Tex. Civ. App. 1943). To avoid the provisions of the regulations, the defendant's use of the premises prior to the enactment of interim zoning must be substantial. *Town of Mendon* v. *Ezzo*, 129 Vt. 351, 361, 278 A.2d 726 (1971). In the case at bar, all that existed prior to the zoning regulations was a shell without actual use. Preparation for a forbidden use without substantial work or investment does not relieve the property from regulation. *Id.* Not only has the defendant failed to show a pre-existing use, but, in addition, the defendant did not even have an interest in the premises until after the existence of interim zoning regulations.

*Affirmed.*