MAR 2 1 2012



State of Vermont
Superior Court — Environmental Division

===========================================================================

## ENTRY REGARDING MOTION

===========================================================================

<u>In re Nye Conditional Use Permit</u>                                    Docket No. 75-4-09 Vtec
(Appeal from Town of Ferrisburgh Zoning Board of Appeals decision)

Title: Motion for Summary Judgment (Filing No. 5)

Filed: September 21, 2011

Filed By: Appellant Steve Lowther

Response: None

\_\_\_\_ Granted          _X_ Denied          \_\_\_ Other

    Steve Lowther ("Neighbor") has filed a motion seeking summary judgment on Question 1 of his Statement of Questions: "Whether there was proper public notice of the subject conditional use application?" Neighbor alleges that notice for the Town of Ferrisburgh Zoning Board of Appeals' ("the ZBA") April 1, 2009 hearing on Edythe Nye's ("Applicant") zoning permit application was materially defective and that remand to the ZBA for a properly noticed hearing is required. Neither Applicant nor any other party appearing in this matter has filed a response to Neighbor's motion.

    We will only grant a party's request for summary judgment, even if it is unopposed, if the party shows, with "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements [of material facts] required by Rule 56(c)(2)," that "there is no genuine issue as to any material fact" and that the party is "entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2011) (amended Jan. 23, 2011)[1]; see V.R.E.C.P. 3. We apply this standard when considering Neighbor's unopposed motion and the factual allegations included in his statement of material facts.

### Procedural History

    The following procedural history and facts are undisputed. On October 29, 2008, Applicant applied for a zoning permit for a "Home occupation or Accessory use 'B'" (Application #08-099) to use part of a garage for a woodworking shop. Neighbor received written notice that a public hearing on the application would be held by the ZBA on December 3, 2008. On December 3, 2008, the ZBA opened a public hearing on Application #08-099, Neighbor did not attend the meeting, but he submitted a letter expressing his concerns about

---

[1] An updated version of V.R.C.P. 56 took effect on January 23, 2010. However, we analyze the pending motions under the previous version of the rule because that version was in effect at the time the motions were filed. In any case, the new version of Rule 56 incorporates the familiar standard for granting summary judgment from former V.R.C.P. 56(c). See Reporter's Notes—2012 Amendment, V.R.C.P. 56.

the application that the ZBA Chair read aloud during the meeting. The meeting minutes reflect that at the end of the meeting it was announced that the hearing was recessed until February 3, 2009.

The actual date of the continued hearing was February 4, 2009. Applicant did not attend the February 4, 2009 meeting of the ZBA, and it was announced that the hearing on Application #08-099 was again recessed and would be continued on March 4, 2009 at 7:00 pm.

By a letter to the Town of Ferrisburgh Zoning Administrator ("the ZA") dated March 4, 2009, Applicant asked to withdraw Application #08-099, stating that she would file a new application. Nonetheless, Applicant participated in the continued hearing for Application #08-099 that same evening (March 4, 2009). Neighbor also attended the meeting. He provided comments on Applicant's proposed use, presented a copy of a property survey, and read a letter from January 19, 2009 that he had sent to the ZA. The meeting minutes reflect that after taking public comments on Application #08-099, the ZBA Chair announced that the hearing was recessed until April 1, 2009 at 7:05 pm.

On March 16, 2009, notice was published in the <u>Addison County Independent</u> of a public ZBA hearing to be held "Wednesday, April 11, 2009."[2] It stated that the ZBA would consider, among other applications, "[a]pplication #09-011 by Edyth Nye for an Accessory Use 'B' of her detached garage as a woodworking shop under the provisions of Article IX Section 9.4 of the Town of Ferrisburgh Zoning Bylaws" and that the subject property "is in the Rural Agricultural RA 5 Zoning District and is located at 474 Echo Road, Parcel ID #11-01-07." (Appellant's Mot. for Summ. J., Ex. 7, filed September 21, 2011.) The published notice indicated that the application was available for inspection at the Town Clerk's Office and that participation in the hearing was a prerequisite to the right to appeal. Id. On March 23, 2009, Applicant filed Application #09-011. Application #09-011 sought conditional use approval for the same use—"Home occupation or Accessory use 'B'"—on the same property as the application that Applicant had asked to withdraw, Application #08-099.

On Wednesday, April 1, 2009, the ZBA Chair opened the public hearing on Application #09-011. Neighbor provided comments during the hearing. The Chair closed the hearing the same day, and the ZBA voted to approve the application.[3] Neighbor thereafter appealed the ZBA's decision to this Court and sought summary judgment on the question of whether the notice for the April 1, 2009 hearing was adequate.

<u>Analysis</u>

A municipal panel is required to hold public hearings on conditional use applications. 24 V.S.A. § 4464(a)(1). Notice of such hearings must be published in a newspaper, be posted in three or more public places, and include information about the date, place, and purpose of the hearing. Id. Written notification must also be provided both to the applicant and to landowners with property adjoining the subject property. Id. Subsequent days of a hearing

---

[2] April 11, 2009 was, in fact, a Saturday. The actual date of the continued hearing was April 1, 2009.

[3] Following the ZBA's announcement of its decision, Neighbor asked for the meeting minutes to reflect that the adjoining landowners had not received notification of the public hearing. The Chair replied that the ZA had warned the hearing. The meeting minutes from April 1, 2009 reflect this exchange.

that spans more than one day, however, do not require separate notice if the time and place for days of the continued hearing are announced before adjournment of each hearing day. See 1 V.S.A. § 312(c)(4) ("Any adjourned meeting shall be considered a new meeting, unless the time and place for the adjourned meeting is announced before the meeting adjourns."); In re McEwing Svcs., LLC, 2004 VT 53, ¶ 17, 177 Vt. 38 (stating that a municipal panel can "continue [a] hearing and reconvene it at a later date, as long as it announces at adjournment the time and place where the hearing will be reconvened."); see also Woodstock Comm. Trust, Inc., and Housing Vt. Planned Unit Dev., No. 263-11-06, slip op. at 15–16 (Vt. Envtl. Ct. May 10, 2007) (Wright, J.) (concluding that adjoining landowners were not entitled to receive separate notice for a continued hearing when the time and place for the subsequent day of hearing was announced during a prior day of hearing).

Although Neighbor argues that the published notice for the April 1, 2009 hearing fails to meet the requirements of 24 V.S.A. § 4464(a)(1), we conclude that separate notice was not necessary for that day of the hearing. The April 1, 2009 "hearing" was not a separate hearing but was instead effectively a continuation of the hearing that began on December 3, 2008. We reach this conclusion for the following two reasons.

First, while they have different numbers, Applications #08-099 and #09-011 are essentially the same application. The two applications were submitted by the same applicant and they seek the same permit for the same use on the same property. The only difference is that Application #09-011 includes additional minor details, such as noting the zoning district, the parcel size, and the deed reference, that are not included in Application #08-099. The ZBA also appears to have considered the applications to be the same. The ZBA's announcement on April 1, 2009 that it was considering Application #09-011 was a formality. The ZBA took into account information gathered in connection with Application #08-099—in particular a site inspection and decibel testing for noise concerns—when issuing its decision on Application #09-011. (See Appellant's Mot. for Summ. J., Ex. 9, filed September 21, 2011.)

Second, Neighbor, and anyone else in attendance at the March 4, 2009 day of hearing for Application #08-0899, was given notice that the hearing would be continued on April 1, 2009 at 7:05 pm. Although the meeting minutes do not reflect that the ZBA Chair explicitly indicated that the continued hearing would take place in the same location, we understand that the location was implied. Neighbor does not assert that this notice for recessing and continuing the hearing was inadequate; nor does he argue that the written notice he received for the initial day of hearing, December 3, 2008, was insufficient. Thus, under the guidance of 1 V.S.A. § 312(c)(4), we regard these notices, in combination, to have provided adequate notice for the April 1, 2009 day of hearing.[4]

---

[4] Although we conclude that the notice for the April 1, 2009 day of hearing was adequate, we caution the ZBA that defects in notice are to be taken seriously and that those defects that make a posting or notice "materially misleading in content" require remand. See 24 V.S.A. § 4464(a)(5). Here, if the only notice for the April 1, 2009 day of hearing was the notice published in the Addison County Independent, we would not conclude that its typographical error (listing the date for the hearing as April 11, 2009 instead of April 1, 2009) is such a defect: April 11, 2009 was a Saturday, and a reasonable person would inquire with the Town as to whether the date was correct or was a typographical error. However, we encourage the ZBA to take greater care when announcing public hearing dates.

We also note that the meeting minutes for the April 1, 2009 day of hearing reflect that Neighbor actually attended the meeting and provided public comments regarding Applicant's proposed use. (See Appellant's Mot. for Summ. J., Ex. 9, filed September 21, 2011.) The purpose of the notice provisions is to inform interested persons of a proposed action and to give them a reasonable opportunity to express their support or opposition. See Town of Mendon v. Ezzo, 129 Vt. 351, 357-58 (1971) (interpreting a previous version of 24 V.S.A. § 4464(a), formerly codified as 24 V.S.A. § 4447). Despite Neighbor's argument that the notice for the meeting on April 1, 2009 was inadequate, he was informed about Applicant's proposal and he took advantage of the opportunity to provide comments on that proposal during the meeting.

### Conclusion

Because Neighbor's factual allegations, and his supporting affidavit and exhibits, show that he is not entitled to judgment as a matter of law on Question 1, we must DENY Neighbor's motion.

Pursuant to the September 27, 2011 Entry Order we issued in this matter, the matter was placed on inactive status pending resolution of a related Superior Court matter in the Addison Unit of the Civil Division, Docket No. 212-8-10 Ancv. During the October 17, 2011 Environmental Division status conference, the parties requested that Neighbor's motion for summary judgment be considered and decided. Thus, the Court now directs Applicant to, on or before **April 5, 2012**, provide a status report to the Court, in writing, regarding the Civil Division matter.

_____
Thomas G. Walsh, Judge

_____March 21, 2012_____
Date

==================================================================

Date copies sent to: _3/21/12_          Clerk's Initials _ttl_

Copies sent to:

Appellant Steve Lowther, pro se

Robert J. Kaplan, Attorney for Appellee Edythe Nye

Interested Person Dylan Griffin