*Amidon v. Amidon*, No. 381-8-13 Wmcv (Wesley, J., July 23, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Windham Unit | Docket No. 381-8-13 Wmcv |

| | |
|---|---|
| Floyd Amidon,<br>        Plaintiff<br><br>v.<br><br>Rickey A. Amidon,<br>Tami M. Amidon,<br>        Defendants | DECISION ON MOTION |

### Decision Declining to Impose Setoff &
### Denying Plaintiff's Request for Attorney's Fees under the Prompt Payment Act

Floyd Amidon sued Rickey and Tami Amidon for defamation and breach of contract. After the case was set for jury trial, Plaintiff settled with Tami Amidon and dismissed his claims against her for a then-undisclosed amount.  At trial, after Plaintiff and Defendant, Rickey Amidon, waived presenting the case to the jury, Plaintiff proved damages of $6,700 for breach of contract against Rickey Amidon.  As reflected by its oral findings on the record, the Court awarded $6,700 in damages because Plaintiff paid $15,000 to Rickey Amidon to do renovations to a residential building, but the reasonable value of the work performed by Defendant was no more than $8,300 at the time Plaintiff justifiably terminated the contract for non-performance.

### Setoff

After making its oral findings and conclusions, the Court on its own motion questioned whether it should setoff Plaintiff's damages of $6,700 by the settlement of Tami Amidon.   In response to the Court's inquiry, Plaintiff acknowledged that the amount paid by Tami Amidon in complete settlement of all claims against her was $5,000.  The Court deferred entering judgment, giving the parties a further opportunity to address the issue of setoff through submission of memoranda of law.  Only Plaintiff has responded with further briefing.

Plaintiff opposes setoff, arguing that his claims against Tami Amidon principally related to defamation, while his claims against Rickey Amidon as established by the evidence at trial were limited exclusively to the count in the complaint relating to breach of contract. Plaintiff further argues Rickey Amidon did not plead setoff as an affirmative defense.

In considering whether it should reduce Plaintiff's damages against Rickey Amidon by the settlement from Tami Amidon, the Court notes that is has broad discretion to reduce a plaintiff's damages by a settlement with another party. *See Agency of Natural Res. v. Glens Falls Ins. Co.*, 169 Vt. 426, 433 (1999), citing *Jensvold v. Town & Country Motors, Inc.*, 162 Vt. 580, 584 (1994).

In this case, however, setoff is not appropriate because it was not raised by Defendant, and because it is likely that, had it been raised, Plaintiff would have been able to demonstrate that setoff was unnecessary to preserve an equitable outcome. As Plaintiff argues, Rickey Amidon did not seek to amend his answer to plead setoff prior to the trial, after he learned that Plaintiff had settled with Tami Amidon and dismissed her as a defendant. See, V.R.C.P. 8(c) & 15(a). Setoff is an affirmative defense and a defendant must prove affirmative defenses. *See Wilk Paving, Inc. v. Southworth-Milton, Inc.*, 162 Vt. 552, 557 (1994). Notwithstanding Rickey Amidon's status as a self-represented litigant, it was his responsibility to raise the issue of a possible setoff. Otherwise, as discussed below, Plaintiff was placed at an unfair disadvantage in structuring his evidence in order to attempt to address the issues implicated by a claim for setoff.

Inasmuch as setoff was never plead as an affirmative defense, Plaintiff was not placed on notice to further explicate his claim against Tami Amidon, including the considerations involved in the agreement to release her as a defendant. In particular, Plaintiff had no reason to foresee the need to present evidence showing that his claim against Tami Amidon was primarily for defamation, as distinguished from his claim against Rickey Amidon which was limited to breach of contract by the evidence presented at trial. [1] Nevertheless, Plaintiff's litigation strategy of only pursuing the breach of contract claim against Rickey Amidon at trial suggests the damages recovered are separate from those that were likely involved by the release granted to Tami Amidon in exchange for her payment of the $5,000 settlement. Under all the circumstances, the Court concludes that setoff is not required to protect against a double recovery in this case, or to otherwise assure an equitable judgment. *See Glens Falls Ins. Co.*, 169 Vt. at 433.

## Attorney's Fees Under the Prompt Payment Act

In addition to his opposition to setoff, by his post-trial memorandum Plaintiff sought attorney's fees under the Prompt Payment Act. Neither Plaintiff nor Rickey Amidon invoked the Prompt Payment Act in the pleadings, or during the trial. As determined by the oral findings, Plaintiff did not withhold money from Rickey Amidon. Rather, Plaintiff's complaint was to recover funds paid in excess of the value of the work performed. Similarly, Rickey Amidon never alleged that he had performed work valued in excess of the original payment of $15,000. Rather, his only counterclaim was for back rent –rejected by the Court as unproved – which was a separate claim unrelated to the dispute arising from the construction contract.

By statute, "the substantially prevailing party in any proceeding to recover any payment within the scope of this chapter shall be awarded reasonable attorneys' fees…" 9 V.S.A. § 4007(c). The statue does not define the meaning of "within the scope of this chapter." The Vermont Supreme Court has noted: "PPA claims typically arise in construction disputes in which one party seeks to be paid for its work and the other party seeks to avoid paying on the ground that the work was deficient." *Nystrom v. Hafford*, 2012 VT 60, ¶ 21, 192 Vt. 300. Additionally, "'[t]he purpose of the prompt payment act is to provide protection against nonpayment to

---

[1] The Court notes that it denied Plaintiff's request for pre-judgment attachment based on its conclusion that Plaintiff had failed to show that it was likely to prevail in its breach of contract claim against Tami Amidon, since there was no written contract which included her as a party, and scant evidence from which any obligation on her part could be implied with respect to the renovations contemplated by Plaintiff's payment of $15,000 to Rickey Amidon.

contractors and subcontractors.'" *Birchwood Land Co., Inc. v. Ormond Bushey & Sons, Inc.*, 2013 VT 60, ¶ 21 (quoting *Elc. Man, Inc. v. Charos*, 2006 VT 16, ¶ 12, 129 Vt. 351.).

The Prompt Payment Act does not apply to this case. The purpose of the statute is to ensure payment when a landowner withholds money from a contractor. *See id.* Here, Plaintiff paid Rickey Amidon in excess of the value of the work actually performed, and Defendant never claimed Plaintiff withheld money owed for the contracting job. The case is thus different from the typical case arising under the Prompt Payment Act, and the Court concludes that the dispute here lies outside of the purpose of the statute. *See id.*; *Nystrom*, 2012 VT 60, ¶ 21. "[W]ithin the scope of this chapter" only encompasses actions in which an owner is alleged to have improperly withheld money from a contractor. *See* 9 V.S.A. § 4007(c); *Birchwood*, 2013 VT 60, ¶ 21. The Court acknowledges that an owner who prevails against such a claim by proving that the contractor failed to perform is entitled to recover attorney's fees. Nevertheless, the Court is not persuaded that the Legislature intended that every breach of contract claim against a contractor, in the absence of any opposing claim for nonpayment of an invoice, see 9 V.S.A. § 4002, falls under the Prompt Payment Act's provision for the award of attorney's fees. Rather, except as specifically contemplated by the PPA, the American rule applies making each party responsible for his own attorney's fees. *In re Gadhue*, 149 Vt. 322 (1987).

**WHEREFORE, it is hereby ORDERED :**

The Court **REJECTS** its own suggestion as to setoff, and none will be applied. The Court **DENIES** Plaintiff's request for attorney's fees under the Prompt Payment Act. The Court enters judgment in favor of Plaintiff against Rickey Amidon in the amount of $6,700, together with prejudgment interest at 12% from the date of breach, July 1, 2013, as well as costs recoverable pursuant to V.R.C.P.54(d). Plaintiff shall within 5 days submit a proposed judgment order consistent with this entry.

Electronically signed on July 23, 2014 at 02:01 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge