VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 23-ENV-00079

| Martell Change of Use Appeal |
|---|

## ENTRY ORDER

Title:        Motion for Summary Judgment (Motion: 1)

Filer:        Claudine C. Safar, Esq.

Filed Date:   December 1, 2023

Applicants' Memorandum in Opposition to Motion filed on January 16, 2024 by Attorney Mark G. Hall.

Appellant's Reply to Applicants' Memorandum in Opposition filed on January 26, 2024 by Attorney Claudine C. Safar.

**The motion is DENIED.**

In this action, Anabelle Ship (Appellant) appeals a Town of Berkshire Development Review Board (DRB) decision approving Bernard and Lita Martel's (Applicants) application to use property having an address of 485 Mine Road, Berkshire, Vermont (the Property) as a wedding and event venue (the Project). Presently before the Court is Appellant's motion for summary judgment. Applicants oppose the motion.

### Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5. The nonmoving party "receives the benefit of all reasonable doubts and inferences." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 365. For the purposes of the motion, the Court "will accept as true all allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

**Factual Background**

We recite the following facts solely for the purposes of deciding the pending cross-motions. These facts do not constitute factual findings, since factual findings cannot occur until after the Court conducts trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.).

1. Applicants Bernard and Lita Martel own property located at 485 Mine Road, Berkshire, Vermont (previously defined as the Property).

2. Appellant Anabelle Ship's property abuts the Property.

3. On or about April 3, 2023, Applicants applied for a conditional use permit to operate a wedding and event venue at the Property (previously defined as the Project) to the Town of Berkshire (Town) Zoning Administrator.

4. The DRB held the first hearing on the application on May 11, 2023.

5. The May 11 hearing was noticed by publication and posting in the Berkshire Town Hall, as well as by mail to abutting landowners, and stated that the hearing was for a "[c]onditional [u]se [h]earing." Applicant Ex. 2.

6. Appellant attended the May 11, 2023 hearing and provided comments in opposition to the Project.

7. The DRB held an additional hearing on the application on June 8, 2023.

8. The Town sent Appellant notice of the June 8 hearing on or about May 15, 2023 and identified the hearing as a "[c]onditional [u]se [h]earing" related to Applicants' request "to use their existing barn as a Wedding/Event Venue." See Appellant Ex. C.

9. Appellant attended this hearing and again provided comments in opposition to the Project.

10. The DRB held a final hearing on the Project on July 13, 2023 and the agenda for this date listed the portion of the meeting relating to the Project as "Continued Hearing – Conditional Use." See Appellant Ex. E.

11. Appellant attended this hearing with counsel and again provided comments in opposition to the Project.

12. Appellants' counsel also raised the argument that the proposed mixed use was impermissible in the underlying zoning district at this hearing.

13. Between the June 8 and July 13 hearings, Applicants submitted a document entitled "Supplement/Amendment to Conditional Use/Change of Use Application" to the DRB (the Supplement) in response to Appellants' assertions at the June 8 hearing. See Appellant Ex. F.

14. The Supplement stated that it was to "submit[] additional information to better inform the Berkshire DRB of who [the] application still qualifies and warrants approval under the Berkshire Land Use and Development Regulations." Id.

15. In general, the Supplement contains Applicants' presentation as to why the Project, at the Property, constituted an Accessory On-Farm Business (AOFB) as defined by Vermont statutory law such that they were "requesting approval" as an AOFB. Id.

16. The DRB subsequently issued a decision approving the Project as a conditional use and an AOFB.[1]

17. Appellant then timely appealed that decision to this Court.

### Discussion

Appellant has presented multiple Questions in her Statement of Questions. The pending motion only addresses Question 2. Question 2 asks:

> 2. Whether the change in the application from a conditional use application for a Mixed Use to an application for a Change of Use and Accessory On-Farm Business required re-warning and re-notice of the application to abutters and was improperly changed prior to the third hearing without notice to the abutters?

Statement of Questions (filed on August 18, 2023).

Hearing and notice requirements for zoning applications are set forth in 24 V.S.A. § 4464. Pursuant to § 4464(a), notice must be given prior to the date of the hearing and must include "the date, place, and purpose of the hearing . . . ."[2] While notice is a prerequisite for a hearing:

---

[1] In her initial motion, Appellant asserts that the DRB approved the application as an AOFB and Change of Use Permit. The July 13 hearing meeting minutes show, however, that the DRB voted to approve the Project as "the Martel Event Venue, Conditional Use Application, AOFB under Act 143." Appellant Ex. B at 2. Thus, we conclude that the Project was approved as a conditional use.

[2] Section 4464(a) sets forth additional notice requirements for adjoining landowners and publication which are not generally relevant here because it is undisputed that Appellant received notice of the hearings.

No defect in the form or substance of any requirements in [§§ 4464(a)(1), (2)] shall invalidate the action of the appropriate municipal panel where reasonable efforts are made to provide posting and notice. However, the action shall be invalid when the defective posting or notice was materially misleading in content.

24 V.S.A. § 4464(a)(5). Separate notice is not required for a continued hearing if those present at the first hearing are informed as to when and where the continued hearing will take place. See In re McEwing Services, LLC, 2004 VT 53, ¶ 17. The aim of the statutory provisions regarding notice "is to inform interested persons of a proposed action and to give them a reasonable opportunity to express their support or opposition." In re S. Vermont Beagle Club, No. 142-9-11 Vtec, slip op. at 6—7 (Vt. Super. Ct. Envtl. Div. Jan. 17, 2013) (Walsh, J.) (citing Town of Mendon v. Ezzo, 129 Vt. 351, 357—58 (1971)).

It is undisputed that Appellant attended all three hearings and presented comments opposing the Project both independently and through counsel. Appellant argues in her motion that Applicants changed their application during the hearing process from one for a conditional use permit for a mixed use to one for a change of use permit for an AOFB via the Supplement such that the application required re-warning and re-noticing. Failure to do so, Appellant argues, made the underlying notice materially misleading because Appellant was not able to fully prepare to respond to the new grounds for the application at the July 13 hearing.[3] Effectively, what Appellant argues here is that that preparation and understanding of a project being reviewed is the core of notice.

Appellant overstates the purpose of notice provisions, which "is to inform interested persons of a proposed action and to give them a reasonable opportunity to express their support or opposition." S. Vermont Beagle Club, No. 142-9-11 Vtec, slip op. at 6—7 (Jan. 17, 2013) (citations omitted). To follow Applicant's logic in this case would be to require a municipality to notice not just the "date, place and purpose of the hearing" as required by 24 V.S.A. § 4464(a), but to also notice all legal theories that may be presented during the hearing process. This

---

[3] Again, to the extent that Appellant argues that the permit standards were different, Appellant has failed to provide the Court with sufficient information to understand that assertion. In any event, the materials provided in support of the pending motion show that the Project was initially a conditional use application and subsequently approved as a conditional use permit. Further, the main thrust of Appellants argument is that the failure to notice the AOFB premise was materially misleading because of the inability to prepare to respond to the theory.

assertion goes well beyond the statutory requirements of § 4464(a) and we will not read such a requirement into the statute as that would be contrary to the legislative intent. See Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986) (noting "that the paramount function of the court is to give effect to the legislative intent.") (citation omitted).

Applicants applied for a conditional use permit for a wedding barn, which Applicants classified as being a mixed use. The notice of hearing stated that date and place of the hearing and that its purpose was a "conditional use hearing" on Applicants' application "to use their existing barn as a wedding/event venue." See Appellant Ex. C. Subsequently they raised a different legal theory as to why their conditional use permit should be granted: that the wedding and event venue use constituted an AOFB. The DRB then voted to approve the conditional use application to use the Property as a wedding and event space, noting the AOFB argument. See Appellant Ex. B at 2. [4] Appellant received notice of the three hearings and Appellant attended those hearings, at least two of them with counsel, to express her opposition to the Project. [5] The Court fails to see how Appellant's due process rights were violated given the procedural history before the Court. Thus, the notice was not materially misleading.

Having found the material facts to not be in dispute, the Court concludes that the notice was sufficient under § 4464(a) and, therefore, Applicant is not entitled to judgment as a matter of law and the motion is **DENIED**.

---

[4] It is for this reason that Applicant's reliance on In re Torres is unavailing. In Torres, the Superior Court, prior to the creation of the Environmental Division, directed an applicant to amend an application for a home occupation, a permitted use, to one for a conditional use on appeal, which was subsequently granted. 154 Vt. 233, 235. In concluding that the lower court lacked the jurisdiction to convert the application, the Vermont Superior Court noted that the lower court only had the authority that the municipal panel had below it. Id. The Vermont Supreme Court then noted that a municipal panel could not convert a hearing on a permitted use application to one for a conditional use by allowing amendment to an application because it would have resulted in the initial notice being deficient. Id. at 236. In this case, Applicants applied for a conditional use permit then the DRB approved a conditional use permit.

[5] Appellant strongly disputes the merits of the application and the AOFB exemption as it relates to this Project. This Court notes that she can raise these disputes in this Court's de novo review of the Project and the inability to receive approval. To the extent that Appellant seeks to note this dispute as presenting a legal basis for invalidating the permit on notice grounds, the Court fails to see the connection between these two issues.

The Court will set this matter for a status conference to discuss how to efficiently proceed with this action in light of this Entry Order.

Electronically signed March 18, 2024 in Burlington, Vermont pursuant to V.R.E.F. 9(D).

*[signature: Tom Walsh]*

Thomas G. Walsh, Judge
Superior Court, Environmental Division